## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

      Cindy Martinson,                       Case No. 20-23758-kmp

      Debtor.                               Chapter 13

Address: 6913 W. Main St., Milwaukee, WI 53214
Last four digits of Social Security No. or EIN: 9510

### NOTICE OF MOTION TO AMEND THE COURT'S JUNE 24, 2020 DOOMSDAY ORDER TO ENLARGE THE TIME TO COMPLY *AFTER* DEADLINE EXPIRATION

Cindy Martinson, the debtor, moves under Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge the deadlines set in the court's June 24, 2000 order.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in motion, or if you want the court to consider your views on the motion, then on or before July 30, 2021, you or your attorney must:

File with the court a written response explaining your position at:

United States Bankruptcy Court
517 East Wisconsin Avenue, Room 126
Milwaukee, WI 53202

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Miller & Miller Law, LLC
633 W Wisconsin Ave, Ste 500
Milwaukee, Wisconsin 53203-1918
414.395.4506 ruben@millermillerlaw.com

Attorney Ruben Castillo
MILLER & MILLER LAW, LLC
633 W Wisconsin Ave, Ste 500
Milwaukee, WI 53203-1918

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may determine that your failure to object constitutes grounds to enter an order granting that relief.

Miller & Miller Law, LLC
Attorneys for Debtor

July 23, 2021

*/s/ Ruben Castillo*
Miller and Miller Law, LLC
Attorneys for Debtor
State Bar No. 1101767

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

Cindy Martinson,                    Case No. 20-23758-kmp

Debtor.                             Chapter 13

---

## MOTION TO AMEND THE COURT'S JUNE 24, 2020 DOOMSDAY ORDER TO ENLARGE THE TIME TO COMPLY *AFTER* DEADLINE EXPIRATION

---

Cindy Martinson, the debtor, moves under Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge the deadlines set in the court's June 24, 2020 order. **The debtor is filing and serving this motion <u>after</u> the expiration of those deadlines.** The debtor states that the debtor's failure to act was the result of excusable neglect based on the circumstances described below:

1. On June 24, 2020, the court entered an order stating that the debtor's Motion to Continue Automatic Stay is granted and the automatic stay will remain in effect as to all creditors, without prejudice to the rights of creditors to seek relief from the automatic stay, subject to the following conditions:

   a. Debtor must provide proof of homeowner's insurance on 6913 W Main St, Milwaukee, Wisconsin, the property subject to a mortgage held by John Frakes Revocable Trust, by June 30, 2020.

b. Debtor shall maintain homeowner's insurance on 6913 W Main St, Milwaukee, Wisconsin, the property subject to a mortgage held by John Frakes Revocable Trust, for the remainder of this case.

c. Debtor shall pay her water bill, in full, timely for the next six months.

d. In the event the debtor does not act in accordance with provisions 1-3 listed above, an affidavit of default may be submitted to the court and the court may rule without further hearing.

e. This order is a Doomsday Order under this court's Uniform Procedure for Doomsday Orders; it incorporates and is subject to the Uniform Procedure for Doomsday Orders.

2. The Debtor admits to letting her homeowner's insurance expire briefly and to not making all monthly water bill payments in full. However, the Debtor now has paid and renewed her homeowner's insurance. She has also made a payment towards her water bill. The Debtor fell behind on said obligations due to unexpected, significant expenses and traumatic life experiences. The debtor had to replace her water heater for $1,000, which was a significant financial setback and contributed to her falling behind on her bills. Additionally, the Debtor incurred expenses caring for her dying father and ill daughter. The Debtor believes she can pay the balance due on her water bill soon and has already renewed her homeowner's insurance.

3. These circumstances show that the debtor's failure to act by the deadline set in the court's June 24, 2020 order was the result of excusable neglect justifying the enlargement of the deadline.

For these reasons, the debtor requests that the court enlarge the time for the debtor to get current on her water utility charges by October 1, 2021.

Miller & Miller Law, LLC
Attorneys for Debtor

July 23, 2021

*/s/ Ruben Castillo*
Miller and Miller Law, LLC
Attorneys for Debtor
State Bar No. 1101767
