UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

    Cindy Martinson

                Debtor.

Case No. 20-23758-kmp
Chapter 13

## NOTICE AND REQUEST TO MODIFY CONFIRMED CHAPTER 13 PLAN UNDER 11 U.S.C. §1329(d)

      The debtor filed papers with the Court requesting modification of the confirmed Chapter 13 Plan in the above case under the chapter 13 bankruptcy provisions of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act amended the Bankruptcy Code by adding 11 U.S.C. §1329(d), which provides, "a plan confirmed prior to [March 27, 2021] . . . may be modified upon the request of the debtor if—(A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic". Qualifying plans modified under §1329(d)(1) "may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due." §1329(d)(2). Section 1329(d) expires on March 27, 2022.

      **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the Court to confirm the modified plan as proposed, or if you want the Court to consider your views on the request, then on or before 21 days after service of this notice (the "Notice Period") you or your attorney must file an objection that states the factual and legal bases therefor. If the objection states a plausible basis in fact and law, the Court will schedule a hearing on the motion to modify. File your written objection electronically or mail it to:

Clerk of Bankruptcy Court
517 E. Wisconsin Ave, Room 126
Milwaukee, WI 53202-4581

      If you mail your objection to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the expiration of the Notice Period.

      <u>**If you or your attorney do not take these steps, the Court will presume you consent to the proposed modification of the plan and forfeit any objection to it.**</u>

# REQUEST TO MODIFY CONFIRMED CHAPTER 13 PLAN PURSUANT TO §1329(d)

1. The debtor has experienced the following material financial hardship due, directly, or indirectly, to the COVID-19 pandemic:

    A. Ms. Martinson relies partially on income from her adult daughters to make her plan payments. Ms. Martinson, her adult daughter, and grandchild are all suffering from COVID-19, despite having been vaccinated and wearing masks whenever feasible. One daughter is currently hospitalized and Ms Martinson is suffering considerably and not recovering quickly. All the earners in the household have missed quite a bit of work in the last month.

2. The plan, which the court **originally confirmed** on **February 16, 2021**, is modified as follows:

    a. Debtor will skip her plan payments for February and March 2022, and resume in April 2022.
    b. Debtor's plan will extend up to 67 months from the date the first payment was due to accommodate the skip and remain feasible.
    c. The attorneys' fee for the filing and preparation of this modified plan is $300.00; this fee shall be paid through the Plan.

All remaining terms of the Chapter 13 Plan originally confirmed on February 16, 2021, are unaffected. In the event of a conflict between the terms of the confirmed Plan and the terms of this modification, the terms of this modification control.

3. <u>Notice and Service:</u> The debtor[s] served this modification and notice of a 21-day objection period on all interested parties (the debtor, the trustee, the United States trustee and all creditors) as required by Fed. R. Bank. P. 3015(h), unless otherwise ordered.

    <u>Note</u>: A certificate of service must be filed with this request for plan modification demonstrating that this proposed modification has been served on all interested parties (the debtor[s], the trustee, the United States trustee and all creditors) as required by Fed. R. Bank. P. 3015(h), or on those parties required by court order.

    WHEREFORE, the proponent requests that the Court approve this modification to the confirmed Chapter 13 Plan.

## CERTIFICATION

Each proponent or the attorney for each proponent must sign this certification. If the proponent is the Debtor, the Debtor's attorney must sign this certification, and the Debtor may, but is not required to sign. If the Debtor does not have an attorney, the Debtor must sign this certification. **The provisions in this modified Chapter 13 plan are identical to those contained in the official local form other than the changes listed in part 2. I certify under penalty of perjury that the foregoing is true and correct.**

Respectfully submitted this the 21st day of February 2022,

/s/ Deborah A. Stencel
Deborah A. Stencel, Attorney for proponent
633 W Wisconsin Ave, Ste 500
Milwaukee, WI 53203
414-277-7742, deborah@millermillerlaw.com